GREGORY, Circuit Judge,
dissenting:
I join part I of Judge Motz’s dissent arguing that summary judgment decisions do not qualify as dismissals for purposes of § 1915(g). C.f. Butler v. Dep’t of Justice, 492 F.3d 440, 444 (D.C.Cir.2007) (“had Congress wanted to include dismissals for failure to prosecute among the strikes listed in § 1915(g), it could have done so”). Therefore, Appellant does not have the requisite three strikes that would automatically preclude him from IFP status under § 1915(g).
I write separately to clarify that courts do retain discretion under limited circumstances to deny informa pauperis (“IFP”) status under § 1915(a). However, I would not use that discretion in this case. Such denial implicates the fundamental right of access to the courts. “[T]he ability to seek regularized resolution of conflicts” is fundamental to “an organized and cohesive society.” See Boddie v. Connecticut, 401 U.S. 371, 374, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). As such, our discretionary power should be used sparingly. For example, discretionary denial of IFP status would be appropriate where an individual flies dozens of abusive claims but strategically withdraws them in order to avoid accruing strikes under § 1915(g). While there is certainly evidence that Appellant is a prolific filer, there is no evidence of strategic maneuvering, nor evidence that Appellant’s past cases were abusive. Without such evidence of a longstanding, clear pattern of abusive filings, denial of IFP status under § 1915(a) is inappropriate. For the foregoing reasons, I dissent.