**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1404
_____

JEROME JUNIOR WASHINGTON,
Appellant

v.

SUPERINTENDENT GILMORE; LIEUTENANT  TROUT; SERGEANT DEMASKE;
UNIT MANAGER  LACKEY; C.O. ULIZIO, JOHN DOE 1, 2, 3, 4
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-19-cv-01461)
District Judge:  Honorable Joy Flowers Conti
_____

_____

No. 20-1412
_____

JEROME JUNIOR WASHINGTON,
Appellant

v.

CAPTAIN CRUM; LT. TROUT; U.M. LACKEY; MAJOR BAZUS; CERT TEAM
JOHN DOES 1 TO 12
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-19-cv-01460)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 20, 2020
Before: JORDAN, KRAUSE, and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 9, 2020)
_____

OPINION[*]
_____

PER CURIAM

Pro se appellant Jerome Washington appeals the District Court's orders denying

his requests to proceed in forma pauperis (IFP) and dismissing his actions.  For the

reasons detailed below, we will summarily vacate the District Court's orders and remand

for further proceedings.  <u>See</u> 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Washington filed two separately docketed prisoner-civil-rights complaints along

with requests to proceed IFP.  A Magistrate Judge recommended that the District Court

deny the requests to proceed IFP on the ground that Washington had already accrued

three strikes under 28 U.S.C. § 1915(g) and had not shown that he was in imminent

danger of physical harm.  <u>See</u> W.D. Pa. Civ. No. 2-19-cv-01460, ECF No. 2; W.D. Pa.

Civ. No. 2-19-cv-01461, ECF No. 2.  The District Court approved and adopted the

reports and recommendations.  <u>See</u> W.D. Pa. Civ. No. 2-19-cv-01460, ECF Nos. 9 & 10;

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

2

W.D. Pa. Civ. No. 2-19-cv-01461, ECF No. 9 & 10.[1] Washington then filed notices of appeal in each case. In this Court, he has requested permission to proceed IFP.

We have jurisdiction under 28 U.S.C. § 1291. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001) (en banc) (holding that an order denying leave to proceed IFP is immediately appealable). We exercise plenary review. See Ball v. Famiglio, 726 F.3d 448, 455 n.11 (3d Cir. 2013).

We grant Washington's applications to proceed IFP on appeal and, for the same reasons, will vacate the District Court's orders denying his IFP applications. Washington is clearly financially eligible to proceed IFP; he has no income and a negative balance in his prison account. See generally Walker v. People Express Airlines, Inc., 886 F.2d 598, 601 (3d Cir. 1989). The District Court concluded that Washington has three strikes and is thus barred from proceeding IFP. The IFP statute provides—

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The District Court concluded that Washington accrued strikes in four cases: Washington v. Weiner, E.D. Pa. Civ. A. No. 16-cv-02487; Washington v. Gilmore, W.D. Pa. Civ. A. No. 18-cv-00337; Washington v. Colgan, W.D. Pa. Civ. A. No. 18-cv-00341;

---

[1] The reports and recommendations and orders are substantively identical.

3

and <u>Washington v. Gilmore</u>, W.D. Pa. Civ. A. No. 18-cv-00343.  The three Western District of Pennsylvania actions were disposed of on similar grounds.  In Civ. A. No. 18-00343, the Court dismissed one defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and ordered "that the remaining claim in this case is dismissed without prejudice because it is duplicative to claim seven at Civil Action No. 17-988."  ECF No. 42.  In Civ. A. Nos. 18-00337 and 18-00341, the Court granted one defendant's motion to dismiss, dismissed one party pursuant to § 1915(e)(2)(B)(ii)–(iii), and ordered "that the remaining claim in this case is dismissed without prejudice because it is duplicative to claim nine at Civil Action No. 17-988."  W.D. Pa. Civ. A. No. 18-00337, ECF No. 55; W.D. Pa. Civ. A. No. 18-00341, ECF No. 53.

We conclude that these dismissals do not qualify as strikes under § 1915(g).  We have explained that "a strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure."  <u>Byrd v. Shannon</u>, 715 F.3d 117, 126 (3d Cir. 2013); <u>see also</u> <u>Ball</u>, 726 F.3d at 463–64.

The Western District orders do not satisfy this rule because the cases were dismissed in part as duplicative.  <u>See</u> <u>Byrd</u>, 715 F.3d at 125 (explaining that "§ 1915(g) requires that a prisoner's entire action or appeal be dismissed on enumerated grounds in

4

order for the dismissal to count as a strike"). In dismissing the actions in part as duplicative, the District Court did not use the words "frivolous," "malicious," or "fails to state a claim," so the orders do not satisfy that part of the Byrd rule. See id. at 126 (stating that "the first category of our new rule requires that the terms 'frivolous,' 'malicious,' or 'fails to state a claim' be explicitly stated for the dismissal to constitute a strike"). Nor was this part of the dismissal "pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons." Id. The District Court did not identify the basis for its authority to dismiss this claim as duplicative, but it is best understood as an exercise of the Court's inherent power. See Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976); Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc); Sacerdote v. Cammack Larhette Advisors, LLC, 939 F.3d 498, 504 (2d Cir. 2019). However, not every dismissal based on a court's inherent powers is due to the action's being frivolous or malicious or failing to state a claim. For instance, courts have the inherent authority to dismiss an action for failure to prosecute, see Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991), which does not fall within any of those categories, see Butler v. Dep't of Justice, 492 F.3d 440, 443 (D.C. Cir. 2007). Thus, these three dismissals do not fall within Byrd's second category, either.[2]

---

[2] The Magistrate Judge reasoned that "[a]lthough the undersigned did not specifically recommend dismissal of the duplicative claims in these three cases as malicious, if it were determined that such dismissals did not count as strikes, it would appear that all a litigious plaintiff would have to do to avoid accruing a strike is simply include in a complaint a duplicative claim that requires dismissal without prejudice." See W.D. Pa. Civ. No. 2-19-cv-01460, ECF No. 2 at 4 n.4; W.D. Pa. Civ. No. 2-19-cv-01461, ECF No.

5

Washington is thus financially eligible to proceed IFP and does not have three strikes. We therefore grant his applications to proceed IFP in this Court, vacate the District Court's orders denying his IFP applications and dismissing his actions, and remand for further proceedings.[3]

---

2 at 4 n.4. However, that concern is misplaced. A Court may choose to dismiss a duplicative claim as frivolous or malicious, see Higgins v. Carpenter, 258 F.3d 797, 801 (8th Cir. 2001) (per curiam); Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); Pittman v. Moore, 980 F.2d 994, 994–95 (5th Cir. 1993)—and it probably should do so if the plaintiff includes such a claim solely as a ploy to avoid accruing a strike as the Magistrate Judge envisioned. But that is not what happened here. These dismissals do not count as strikes because the District Court did not explicitly characterize the claims as malicious or frivolous as required by Byrd, not because duplicative claims are not susceptible to dismissal on those grounds.

[3] The Magistrate Judge also noted that "[i]t is unresolved in this Circuit whether the dismissal of certain claims without prejudice results in a strike." The Supreme Court has since explained that "[a] dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice." Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1727 (2020).