### George K. KEENER

v.

### PENNSYLVANIA BOARD OF PROBATION & PAROLE; Robert Wienckoski

### George K. Keener, Appellant.

#### No. 96–1726.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Oct. 2, 1997.

Decided Oct. 17, 1997.

George K. Keener, Dallas, PA, Pro Se.

Before: SLOVITER, Chief Judge
STAPLETON and COWEN Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Appellant George Keener seeks to appeal the order of the district court denying his motion for leave to proceed in that court *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). Following the filing of his notice of appeal Keener sought to proceed in this court *in forma pauperis* and requested appointment of counsel. We have determined that the issue is a straightforward one which can be decided without further briefing, and deny the motion for counsel.

The Prison Litigation Reform Act (PLRA), which was enacted on April 26, 1996, precludes a prisoner from proceeding *in forma pauperis* if that prisoner:

1. The district court had subject matter jurisdiction over Keener's § 1983 action pursuant to 28

has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

■ The district court denied Keener's motion to proceed *in forma pauperis* because he had previously filed numerous civil rights actions which had been dismissed as frivolous by that court. The most recent three were dismissed on July 12, 1995, March 1, 1995, and February 4, 1994, all before the enactment of the PLRA. Thus this appeal requires us to decide whether lawsuits dismissed as frivolous before the enactment of the PLRA can be counted toward the Act's "three strikes" provisions.[1]

In *Landgraf v. USI Film Products,* 511 U.S. 244, 280, 114 S.Ct. 1483, 1505, 128 L.Ed.2d 229 (1994), the Supreme Court directed courts to determine the retroactive application of a new statute which does not expressly prescribe its reach by ascertaining whether its application to pending cases would "impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed."

Three courts of appeals have already applied those criteria to this provision of the PLRA and ruled that lawsuits dismissed as frivolous prior to the enactment of the PLRA count as "strikes" under § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383 (5th Cir. 1996); *Abdul–Wadood v. Nathan,* 91 F.3d 1023 (7th Cir.1996); *Green v. Nottingham,* 90 F.3d 415 (10th Cir.1996). We see no basis to differ with that result.

■ We thus now join those circuits in holding that dismissals for frivolousness prior to the passage of the PLRA are included among the three that establish the threshold for requiring a prisoner to pay the full docket fees unless the prisoner can show s/he is

U.S.C. § 1331. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

"under imminent danger of serious physical injury." The district court noted that nothing in Keener's complaint, in which he appeared to be alleging that he has been hindered in obtaining release on parole after completion of his minimum sentence, suggests that Keener is in any imminent danger of serious physical injury.[2]

We will therefore deny Keener's motion to proceed *in forma pauperis,* and dismiss the appeal without prejudice to Keener's right to reinstitute his action in the district court upon payment of full docketing fees.

**2.** We have no occasion to consider the statutory provision that counts among the dismissals that are disqualifying those that were dismissed for failure to state a claim upon which relief may be granted, as distinguished from frivolousness. *Cf. Mitchell v. Farcass,* 112 F.3d 1483, 1491–92 (11th Cir.1997)(Lay, J. concurring)(discussing constitutional significance of difference between dismissals for frivolousness and failure to state a claim in context of 28 U.S.C. § 1915(e)(2)(B), the PLRA provision mandating sua sponte dismissal of *in forma pauperis* actions that are frivolous or fail to state a claim).