**Keith Russell JUDD, Plaintiff,**

v.

**Royal FURGESON, U.S. District Judge, Western District of Texas, et al., Defendants.**

Civil Action No. 01–4217.

United States District Court, D. New Jersey.

May 7, 2002.

Keith Russell Judd, Fort Dix, NJ, Plaintiff pro se.

*OPINION*

SIMANDLE, District Judge.

This matter is before the Court on plaintiff's Amended Motion for Leave to Proceed In Forma Pauperis and his Motion for Relief from Judgment pursuant to Fed. R.Civ.P. 60. Plaintiff's motion requesting leave to proceed as an indigent raises the recurring issue of enforcement of the "three strikes" provision against frequent filer inmates under 28 U.S.C. § 1915(g). In this instance, the "three strikes" rule is applied against a plaintiff who has filed over 200 civil actions in the federal courts nationwide, many of which have been dismissed as frivolous, and who continues to seek to proceed *in forma pauperis* despite this Court's Order dated October 2, 2001,

denying indigent status pursuant to 28 U.S.C. § 1915(g). Plaintiff makes his amended application for *in forma pauperis* status in the context of a motion for relief from the October 2, 2001 Order under Rule 60(b), *Fed.R.Civ.P.* For the reasons set forth below, Plaintiff's motions will be denied.

## I. BACKGROUND

Plaintiff Keith Russell Judd ("Judd"), is a federal prisoner currently confined at F.C.I. Fort Dix, New Jersey. On September 5, 2001, Judd submitted a civil rights complaint to the Clerk of this Court, and an application seeking *in forma pauperis* status pursuant to 28 U.S.C. § 1915. After an examination of its records, the Court determined that, while he was incarcerated, Judd had at least three prior civil actions dismissed as frivolous or for failure to state a claim,[1] and Judd therefore could

not be granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g). The "three strikes" provision of Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Because there was no allegation in the complaint suggesting "imminent danger of serious physical injury," the Court entered an Order denying *in forma pauperis* status and granting Judd 30 days to submit the $150.00 filing fee.[2] (Docket item [1–1],

---

**1.** An examination of court records revealed that since his conviction in 1999, Keith Russell Judd has filed well over 200 civil actions and appeals in district and appellate courts all over the United States. The Court was easily able to identify more than a dozen civil actions which were dismissed at the outset as frivolous. *See, e.g., Judd v. Federal Election Commission,* Civ. No. 00–737 (E.D.Ca.) (dismissed as frivolous November 13, 2000); *Judd v. United States of America,* Civ. No. 00–121 (D.N.D.) (dismissed as frivolous September 21, 2000); *Judd v. United States of America,* Civ. No. 00–465 (E.D.Va.) (dismissed as frivolous March 24, 2000); *Judd v. United States of America,* Civ. No. 00–328 (S.D.Ala.) (dismissed as frivolous September 21, 2000); *Judd v. United States of America,* Civ. No. 00–247 (S.D.Miss.) (dismissed as frivolous and for failure to state a claim April 28, 2000); *Judd v. United States of America,* Civ. No. 00–213 (S.D.W.Va.) (dismissed as frivolous May 2, 2000); *Judd v. United States of America,* Civ. No. 00–188 (W.D.Va.) (dismissed as frivolous March 9, 2000); *Judd v. United States of America,* Civ. No. 00–897 (D.Md.) (dismissed as frivolous April 3, 2000); *Judd v. United States of America,* Civ. No. 00–24 (N.D.Tex.) (dismissed as malicious March 21, 2000);

*Judd v. United States of America,* Civ. No 00–547 (N.D.Ala.) (dismissed as frivolous March 17, 2000); *Judd v. United States of America,* Civ. No. 00–40063 (D.Mass.) (dismissed as frivolous August 18, 2000); *Judd v. United States of America,* C.A. No. 00–2266 (8th Cir.) (dismissed as frivolous June 23, 2000). Furthermore, at least three courts, including the United States Supreme Court, have sanctioned Judd or issued preclusion orders against him based on his abusive filings. *See Judd v. United States District Court for the Western District of Texas,* 528 U.S. 5, 120 S.Ct. 1, 145 L.Ed.2d 7 (1999) (barring prospective filing of pro se petitions for certiorari or extraordinary writs in noncriminal matters, based on prior frivolous filings); *Judd v. University of New Mexico,* 204 F.3d 1041 (10th Cir.2000) (enjoining Judd from proceeding pro se in that court without prior permission, based on Judd's lengthy and abusive filing history); *Judd v. U.S. District Court,* C.A. No. 98–51118 (5th Cir. April 26, 1999) (unpublished order restricting Judd's appellate filings).

**2.** In his Complaint, Judd contests Judge Furgeson's denial of bail during Judd's criminal proceedings.

Order entered October 2, 2001). Judd did not pay the filing fee within the 30–day period, and the Court entered an order deeming the complaint withdrawn and the file closed. (Docket item [7–1], Order entered November 14, 2001).

On October 17, 2001, Judd appealed the denial of *in forma pauperis* status to the Court of Appeals for the Third Circuit. On November 5, 2001, he also submitted an amended complaint, a motion for bail pending appeal, and a motion for *in forma pauperis* status on appeal. By Order entered November 15, 2001, the Court denied Judd's motions for bail and for *in forma pauperis* status, and struck his amended complaint. (Docket item [8–1], Order entered November 15, 2001). Judd appealed this Order to the Third Circuit on November 26, 2001.

Judd's first appeal of the Order denying *in forma pauperis* status was dismissed on January 3, 2002, for failure to timely prosecute. *See Judd v. Furgeson*, App. No. 01–3898 (3d Cir. January 3, 2002). On March 14, 2002, Judd's second appeal also was dismissed for failure to timely prosecute. *See Judd v. Furgeson*, App. No. 01–4241 (3d Cir. Mar. 14, 2002).

Judd submitted to this Court an Amended Motion to Proceed In Forma Pauperis on January 7, 2002, and a Motion for Relief from Judgment pursuant to Fed. R.Civ.P. 60 on January 18, 2002. He also recently filed a second motion for relief from judgment on or about April 11, 2002.[3] A discussion of these motions now follows.

---

**3.** On April 11, 2002, Judd filed an amended motion for relief from judgment, attaching a letter dated December 27, 2001 from the U.S. Department of Justice, Federal Bureau of Prisons which denied Judd's administrative tort claim which alleged governmental liability for the loss of $23,000.00 in Judd's trust fund account. In his one-page motion for relief from judgment, Judd asserts that he

## II. DISCUSSION

### A. Amended Motion to Proceed In Forma Pauperis

The Prison Litigation Reform Act ("PLRA"), including 28 U.S.C. § 1915(g), *supra*, was enacted on April 26, 1996. "This provision of the PLRA, commonly known as the 'three strikes' provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir.1998) (citation and internal quotation marks omitted).

■ All of Mr. Judd's dismissals for frivolousness occurred after passage of the PLRA. Even if some had occurred prior to the PLRA, the "three strikes" provision has been held to extend to dismissals for frivolousness prior to the passage of the PLRA. *See Keener v. Pennsylvania Board of Probation and Parole*, 128 F.3d 143, 144–45 (3d Cir.1997)(holding that dismissals based on frivolousness before 1996 "are included among the three that establish the threshold for requiring a prisoner to pay the full docket fees unless the prisoner can show s/he is 'under imminent danger of serious physical injury'") (*quoting* 28 U.S.C. § 1915(g)). Moreover, the Third Circuit requires a prisoner, subject to the three strikes rule, to allege imminent danger of physical injury *at the time the complaint is filed;* past physical danger is insufficient. *Abdul–Akbar v. McKelvie*, 239 F.3d 307 (3d Cir.2001) (en banc).[4]

---

"should not be denied access to court because [his] funds were taken by custodian. Upon recovery, [he] will pay the filing fees." Judd makes no other argument or claim. Therefore, the Court construes Judd's April motion as an additional ground for his request for *in forma pauperis* status.

**4.** In *Abdul–Akbar*, the Third Circuit reversed its earlier holding in *Gibbs v. Roman*, 116

Based on the numerous strikes accrued by Judd, as illustrated in this Opinion in note 1, *supra,* it is clear that Judd is the plaintiff envisioned by the Third Circuit when it stated, "In stark terms, [Congress] declared that IFP privilege will not be available to prisoners who have, on three occasions, abused the system by filing frivolous or malicious law suits or appeals, no matter how meritorious subsequent claims may be." *Id.* at 314.

Nevertheless, without regard to the overwhelming number of frivolous actions he has filed with indigent status in the federal courts in recent years, and the clear edict in 28 U.S.C. § 1915(g), Judd makes yet another application, in the form of an amended motion, to proceed *in forma pauperis.* Further, Judd makes his amended motion to proceed as an indigent without any allegations whatsoever to show imminent danger of serious physical injury, as required in *Abdul–Akbar.* In fact, Judd makes no attempt to overcome the strictures of the three strikes provision. Instead, he refers to other jurisdictions which have granted him *in forma pauperis* status. He also cites cases predating the enactment of the PLRA for the proposition that indigents in general should not be denied access to the courts. The Court finds these cases irrelevant in light of the Third Circuit's ruling in *Ab-*

*dul–Akbar* and the mandate of Congress in the PLRA.

■ Specifically, the Third Circuit observed that § 1915(g) does not impede an inmate's access to the federal courts; rather, the statutory provision only denies the inmate the privilege of filing his complaint before he has paid the necessary filing fee. The ability to proceed as an indigent in federal court is not a constitutional right. It is a statutorily-created right granted by Congress, and Congress has the power to circumscribe or restrict the right to proceed *in forma pauperis* as it chose to do when it enacted the limiting provisions of § 1915(g). *Id.* at 316. Therefore, Judd's allegation that this Court's denial of *in forma pauperis* status deprives him of a constitutional right of access to the courts is unfounded.

■ The Court also is not persuaded by Judd's argument regarding the practice of other jurisdictions. Judd has chosen to file his instant complaint in this district. This district court is bound by the holding of the Third Circuit in *Abdul–Akbar* regarding the three strikes provision in § 1915(g). Therefore, where Judd fails to meet the standard articulated under § 1915(g) and by the Third Circuit in *Abdul–Akbar,* Judd's amended motion for leave to proceed *in forma pauperis* will be denied.[5]

F.3d 83 (3d Cir.1997). In *Gibbs,* the Third Circuit had held that "imminent danger" is measured at the time of the alleged incident, not at the time the complaint is filed. *Gibbs,* 116 F.3d at 86. Because other circuit courts had rejected this approach, the Third Circuit revisited the issue in *Abdul–Akbar,* abandoned its *Gibbs* interpretation and adopted the interpretation of the Fifth, Eighth and Eleventh Circuit Courts of Appeal. *Abdul–Akbar,* 239 F.3d at 311.

5. As noted earlier, in *Abdul–Akbar,* 239 F.3d at 314, the "three strikes" provision under § 1915(g) does not block Judd's access to the

federal courts; it only denies Judd the privilege of filing his Complaint before he has acquired the $150.00 filing fee by generally denying *in forma pauperis* status to prisoners like Judd who have, on three or more occasions, abused the judicial system by filing frivolous or malicious lawsuits or appeals. Judd has the option to proceed with his action by paying the required filing fee should he decide to do so. Based on his pattern of seeking indigent status and his recurring claim that his inmate trust fund account was depleted without his consent by his governmental prison custodian, Judd is unlikely and

## B. *Fed.R.Civ.P. 60(b) Motion*

In a one-page application for relief from judgment under Rule 60(b),[6] Judd asserts that this Court lacked jurisdiction to dismiss his Complaint while the October 2, 2001 Order denying leave to proceed *in forma pauperis* was on appeal to the Third Circuit. Judd's Complaint in this matter was deemed withdrawn by Order dated November 13, 2001 because he failed to pay the $150.00 filing fee within the time specified by this Court in its earlier Order denying Judd's application to proceed *in forma pauperis*. Judd appealed the denial of *in forma pauperis* Order to the Third Circuit Court of Appeals on October 17, 2001. The Third Circuit eventually dismissed this appeal on January 3, 2002 for failure to timely prosecute.

While it is not entirely clear from the instant motion, it appears that Judd contends that he is entitled to relief from the Court's "dismissal" of his Complaint because the Court lacked jurisdiction to issue the Order deeming his Complaint withdrawn while the Order denying *in forma pauperis* status was on appeal to the Third Circuit.[7] Judd cites to *Rutherford v. Harris County, Texas*, 197 F.3d 173, 190 (5th Cir.1999) and *Cohen v. Beneficial Indus-*trial *Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

As a general rule, a district court's decision is final and appealable under 28 U.S.C. § 1291 *only* when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945). However, in *Cohen*, the Supreme Court recognized an exception to the final judgment rule for a "small class" of decisions or orders that "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen*, 337 U.S. at 546, 69 S.Ct. 1221. This exception is referred to as the "collateral order" doctrine.

It is well-established that an order denying leave to proceed *in forma pauperis* is a final, collateral order appealable under 28 U.S.C. § 1291. *See Roberts v. United States Dist. Court for the Northern Dist. Of Cal.*, 339 U.S. 844, 845, 70 S.Ct. 954, 94 L.Ed. 1326 (1950); *Abdul–Akbar*, 239 F.3d at 311; *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir.1995); *Sinwell v. Shapp*, 536 F.2d 15, 16 (3d Cir.1976).

apparently unwilling to pay the filing fee to proceed with this action.

**6.** Under Fed.R.Civ.P. 60(b), relief from a judgment or order may be granted for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

**7.** The Court does not believe that Judd intends his motion to seek relief from this Court's November 5, 2001 Order denying his motion for bail pending appeal, denying his motion to proceed *in forma pauperis* on appeal, and striking the amended Complaint. Because Judd himself filed these motions after his notice of appeal, and because the relief sought does not control the issue that had been involved on appeal, Judd does not appear to be challenging this Court's jurisdiction to consider his earlier motions.

Therefore, when this Court denied Judd's application for *in forma pauperis* status on October 2, 2001 pursuant to 28 U.S.C. § 1915(g), the order became appealable as a final collateral order.

Thus, once Judd filed his notice of appeal to the Third Circuit on October 17, 2001, this Court was divested of its control over those aspects of the case involved in the appeal. *See Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982)(per curiam). Consequently, the Court is constrained to agree with plaintiff that the Court's Order of November 13, 2001, wherein the Complaint in the instant action was deemed withdrawn and the docket closed, is void because the Court lacked jurisdiction at that time to issue an order affecting the issue on appeal.

Nevertheless, Judd's motion for relief is now moot because both appeals filed by Judd in this matter have been dismissed by the Third Circuit on January 7, 2002 and March 14, 2002, respectively, and jurisdiction is returned to this Court. Based on this Court's ruling, *supra,* that Judd is not entitled to *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g), and because Judd has not paid the $150.00 filing fee or shown imminent danger of serious physical injury at the time he filed his Complaint or in his amended motion to proceed *in forma pauperis,* the Court now deems the Complaint withdrawn and the docket will be closed accordingly. Therefore, Judd's Rule 60(b) motion is dismissed as moot.

## CONCLUSION

For the foregoing reasons, the Court denies plaintiff's amended motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) and dismisses his Rule 60(b) motion for relief from judgment as moot.

## ORDER

For the reasons expressed in the Court's Opinion filed herewith,

It is on this 7th day of May, 2002,

**ORDERED** that plaintiff' amended motion to proceed *in forma pauperis* is **DENIED** pursuant to 28 U.S.C. § 1915(g); and it is further

**ORDERED** that plaintiff's motion for relief from judgment pursuant to Fed. R.Civ.P. 60(b) is **DISMISSED** as moot; and it is finally

**ORDERED** that plaintiff's Complaint is deemed **WITHDRAWN** for failure to pay the $150.00 filing fee, and the Clerk is directed to close the docket without filing the Complaint or assessing fees.