**Demetrius BAILEY, Appellant**

**v.**

**Ann MILLER, Lt. Baird,
R. Reed, C. Mitchell.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 18, 2008.

Decided March 6, 2008.

Demetrius Bailey, appellant, pro se.

Jaime B. Boyd, Asst. Counsel and Suzanne N. Hueston, Chief Counsel, Camp Hill, for appellees.

BEFORE: McGINLEY, Judge, and FRIEDMAN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Demetrius Bailey (Bailey), proceeding *in forma pauperis,* appeals *pro se* from the July 31, 2007, order of the Court of Common Pleas of Huntingdon County (trial court), which denied Bailey's petition to file his action *in forma pauperis* in the trial court pursuant to Pa. R.C.P. No. 240(j).[1] Ann Miller, Lt. Baird, R. Reed and C. Mitchell (together, Appellees) have filed a motion to revoke Bailey's *in forma pauperis* status in this court and dismiss the appeal. We grant Appellees' motion.

Bailey is an inmate at the State Correctional Institution at Huntingdon (SCI–Huntingdon). Appellees work at the prison. Baird is a security lieutenant; Miller is a nurse; and both Reed and Mitchell are hearing examiners. (Trial ct. op. at 1.)

Bailey filed a Complaint and *in forma pauperis* petition with the trial court. In his Complaint, Bailey alleged that: (1) he had filed a mandamus action against prison employees to compel them to allow Bailey access to the law library, (Complaint, ¶ 7); (2) in retaliation, Baird fabricated a misconduct against Bailey for abusive or obscene language and unauthorized use of the mail, relating to a particular letter, (Complaint, ¶ 8); and (3) to cover up Baird's fabrication, Reed found Bailey guilty in a proceeding where no one produced the letter and where Reed would not allow Bailey to present witnesses or a handwriting analysis of the letter, (Complaint, ¶ 9).

Bailey further alleged that: (1) he had filed complaints against Miller for violating medical procedures, becoming hostile and using foul language, (Complaint, ¶ 10); (2) in addition, Bailey had filed a complaint with the Bureau of Processional and Occupational Affairs against a friend of Miller's, (Complaint, ¶ 11); (3) in retaliation, Miller fabricated a misconduct for sexual harassment and for threatening an employee in a letter, (Complaint, ¶ 12); and (4) although Mitchell dismissed the threat charge, he found Bailey guilty of sexual harassment without allowing Bailey to present witnesses, (Complaint, ¶ 13).

Finally, Bailey alleged that Appellees have conspired with other staff to threaten him and deny him access to the law library

---

1. Pa. R.C.P. No. 240(j) states that, if, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis,* the court, prior to acting on the petition, may dismiss the action, proceeding or appeal if it is satisfied that the action, proceeding or appeal is frivolous.

in retaliation for his alleged sexual harassment of Miller. Bailey alleged that Appellees have stated, "don't no nigger mess with our white women." (Complaint, ¶ 15.)

■ The trial court denied the *in forma pauperis* petition, concluding that the Complaint was frivolous because Bailey failed to plead facts to support a cause of action for retaliation.[2] Bailey filed a *pro se* appeal with this court, along with an *in forma pauperis* petition. This court granted Bailey *in forma pauperis* status, but Appellees filed a motion to revoke that status and dismiss the appeal. Initially, we will address Appellees' motion.

Appellees argue that this court should revoke Bailey's *in forma pauperis* status and dismiss the appeal because Bailey is an abusive litigator who currently has at least three strikes. We agree.

Section 6602(f)(1) of the act known as the Prisoner Litigation Reform Act (PLRA), 42 Pa.C.S. § 6602(f)(1), states that a court may dismiss prison conditions litigation where the prisoner previously has filed prison conditions litigation and three or more of the prior civil actions have been dismissed under section 6602(e)(2) of the PLRA, 42 Pa.C.S. § 6602(e)(2).[3] This court has referred to section 6602(f)(1) of the PLRA as the "three strikes" rule. *See Brown v. James,* 822 A.2d 128 (Pa.Cmwlth.2003), *appeal denied,* 577 Pa. 736, 848 A.2d 930 (2004).

Section 6602(e)(2) of the PLRA authorizes a court to dismiss prison conditions litigation, notwithstanding any filing fee that has been paid, if the court determines that the litigation is frivolous or malicious or fails to state a claim upon which relief may be granted, or that the defendant is entitled to assert a valid affirmative defense, which, if asserted, would preclude the relief. The phrase "prison conditions litigation" is defined as follows:

> A civil proceeding arising in whole or in part under Federal or State law with respect to the conditions of confinement or the effects of actions by a government party on the life of an individual confined in prison. The term includes an appeal. The term does not include criminal proceedings or habeas corpus proceedings challenging the fact or duration of confinement in prison.

42 Pa.C.S. § 6601.

In support of their motion, Appellees attached the following: (1) a prior memorandum opinion dismissing a complaint filed by Bailey that challenged prison administrative matters because the complaint was frivolous, failed to state a cause of action and raised issues that were outside the jurisdiction of the court;[4] (2) a prior order dismissing as frivolous, for lack of jurisdiction, a petition for writ of *habeas corpus*[5] filed by Bailey that sought review

---

**2.** An inmate litigating a claim for retaliation against prison officials must show that: (1) the conduct that led to the alleged retaliation was constitutionally protected; (2) the inmate suffered some adverse action at the hands of the prison officials; and (3) there is a causal link between the exercise of his constitutional rights and the adverse action taken against him. *Luckett v. Blaine,* 850 A.2d 811 (Pa. Cmwlth.2004).

**3.** However, a court may not dismiss a request for a preliminary injunction or temporary restraining order that makes a credible allega-

tion that the prisoner is in imminent danger of serious bodily injury. Section 6602(f)(2) of the PLRA, 42 Pa.C.S. § 6602(f)(2).

**4.** The case was captioned *Bailey v. Blaine,* (C.P. Pa., Allegheny Co., No. AR00–004527, filed November 1, 2000).

**5.** We note that the definition of "prison conditions litigation" excludes *habeas corpus* petitions challenging the fact or duration of confinement in prison. Although Bailey filed a *habeas corpus* petition, Bailey was **not** chal-

of a hearing officer's decision in an inmate disciplinary matter;[6] (3) a prior order dismissing, for failure to state a cause of action, a petition filed by Bailey that alleged retaliation and fabricated misconducts by prison employees;[7] and (4) a prior order and opinion dismissing Bailey as party to a complaint that alleged retaliation and fabricated misconducts by prison employees.[8] In the last case, the trial court concluded that Bailey is an abusive litigator based on the dismissal of **at least seven** of his prior actions.[9]

■ In response, Bailey argues that Appellees' exhibits do not qualify as "strikes" against him because the cases "proceeded further in litigation." (Bailey's response at 1.) To the extent Bailey means that he appealed the cases and they are still pending on appeal, we held in *Brown* that, to overcome a court's dismissal of an action based on the "three strikes" rule, the inmate has the burden of presenting evidence to establish that an alleged "strike" is still pending on appeal. Bailey's mere assertion that his cases "proceeded further in litigation" is not sufficient.

■ Bailey also argues that dismissals based on jurisdiction do not count as "strikes."[10] We disagree. In *Hillanbrand v. Pennsylvania Board of Probation and Parole*, 96 Pa.Cmwlth. 484, 508 A.2d 375 (1986), this court dismissed an untimely appeal as frivolous because this court lacks jurisdiction over untimely appeals.[11] Because section 6602(e)(2) of the PLRA does not limit the bases for determining whether litigation is frivolous and because litigation may be dismissed as frivolous for lack of jurisdiction, a dismissal based on jurisdiction counts as a "strike" under section 6602(f)(1) of the PLRA.

Bailey offers no other objection to the attachments to Appellees' motion. Accordingly, because those attachments establish that Bailey has filed at least three prior actions involving prison conditions that have been dismissed as frivolous or for failure to state a cause of action, we revoke Bailey's *in forma pauperis* status and dismiss his appeal.

### ORDER

AND NOW, this 6th day of March, 2008, upon consideration of "Appellees' Motion to Revoke Appellant's IFP Pursuant to Pa. R.A.P. 123" (Motion), it is hereby ordered that the Motion is granted. The *in forma pauperis* status of Demetrius Bailey is revoked, and his appeal is dismissed.

lenging the fact or duration of his confinement in prison.

6. The case was captioned *Bailey v. Chesney*, (C.P. Pa., Schuylkill Co., No. S–793–2001, filed July 3, 2001).

7. The case was captioned *Bailey v. Chesney*, (C.P. Pa., Schuylkill Co., No. S–1429–2001, filed June 28, 2002).

8. The case was captioned *Combs v. Wakefield*, (C.P. Pa., Huntingdon Co., No. 07–866, filed October 15, 2007).

9. In one of the seven prior actions, this court affirmed the trial court's dismissal of the action as frivolous. *See Bailey v. Wakefield*, 933 A.2d 1081 (Pa.Cmwlth.2007).

10. In support of this argument, Bailey cites *Keener v. Pennsylvania Board of Probation and Parole*, 128 F.3d 143 (3d Cir.1997) (holding that lawsuits dismissed as frivolous prior to enactment of the federal PLRA count as "strikes"). However, *Keener* does not even address whether dismissals based on jurisdiction count as "strikes."

11. *See also Commonwealth v. Nischan*, 928 A.2d 349 (Pa.Super.2007) (concluding that the appellant's claim that the trial court did not have jurisdiction is frivolous).