**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

KIM E. AYVAZIAN
MASTER IN CHANCERY

CHANCERY COURTHOUSE
34 The Circle
GEORGETOWN, DELAWARE 19947
AND
NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19980-3734

March 6, 2015

Thomas E. Noble
SBI #115211
JTVCC
1181 Paddock Road
Smyrna, DE 19977

Scott W. Perkins, Deputy Attorney General
Department of Justice
Carvel State Building, 6th Floor
820 N. French Street
Wilmington, DE 19801

RE:  Thomas E. Noble v. Gov. Jack Markell, Atty. Gen. Beau Biden, Robert
     Coupe, David Pierce, and Anyone Else Responsible
     C.A. No. 10072-MA

Dear Parties:

I have reviewed Defendant Warden David Pierce's Motion to Revoke *In Forma Pauperis* Status of Plaintiff Thomas E. Noble and the responses thereto. It appears that I was wrong in granting Mr. Noble's application to proceed *in forma pauperis* because, for nearly three decades, Mr. Noble has filed numerous *pro se* frivolous civil actions in the federal courts of Pennsylvania and Delaware under his current name and two other names, i.e., Thomas D. Guyer and Walter M. Guyer.[1]

---

[1] *See Noble v. Becker, et al.*, 2004 WL 96744, at *1 n. 1 (D. Del. Jan. 15, 2004).

A prisoner may not file a complaint *in forma pauperis* if that prisoner has, "on 3 or more prior occasions, while incarcerated or detained in any facility" brought an action that was dismissed on the grounds that "it was frivolous, malicious, or failed to state a claim upon which relief may be granted[.]"[2]  The only exception to this rule is when the prisoner "is under imminent danger of serious physical injury at the time the complaint is filed."[3]  For the reasons that follow, I recommend that Mr. Noble's *in forma pauperis* status be revoked.

The record shows that on at least three prior occasions while he was incarcerated, Mr. Noble filed *pro se* civil actions in federal courts that were found to have been frivolous or to have failed to state a claim upon which relief might be granted.[4]  Therefore, the three-strikes rule of 10 *Del. C.* § 8804(f) is applicable to Mr. Noble's current application and affidavit to proceed *in forma pauperis*.  Since Mr. Noble failed to allege that he was under imminent danger of serious physical

---

[2] 10 *Del. C.* § 8804(f).  *See also In re: Petitions of Thomas E. Noble*, 2015 WL 528211, at *1 (Del. Feb. 9, 2015).

[3] 10 *Del. C.* § 8804(f).  *See also Walls v. Phelps*, 2012 WL 3608681, at *1 (Del. Super. Aug. 21, 2012) (granting the State's motion to revoke a prisoner's *in forma pauperis* status).

[4] *In re Guyer*, 1996 WL 689376 (E.D. Pa. Nov. 27, 1996); *Guyer v. Kelly*, 1990 WL 158194 (E.D. Pa. Oct. 15, 1990); *Guyer v. Sisk*, 1990 WL 158209 (E.D. Pa. Oct. 15, 1990); *Guyer v. Hoagland*, 1990 WL 139388 (E.D. Pa. Sept. 20, 1990); *Guyer v. Ferguson*, 1990 WL 139387 (E.D. Pa. Sept. 20, 1990);  *Guyer v. Sugerman*, 1990 WL 135716 (E.D. Pa. Sept. 11, 1990); *Guyer v. Seitz*, et al., 1987 WL 17747 (E.D. Pa. Sept. 28, 1987); *Guyer v. Crampton*, 1986 WL 14731 (E.D. Pa. Dec. 24, 1986); *Guyer v. Zimmerman*, 1986 WL 13638 (E.D. Pa. Nov. 26, 1986); *Guyer v. Frame*, 1986 WL 7195 (E.D. Pa. June 19, 1986).

injury at the time he submitted his current application and complaint, I should not have approved his application and allowed Mr. Noble to file his complaint *in forma pauperis*.

In response to Warden Pierce's motion to revoke, Mr. Noble argues that his earlier filings should not be counted against him because § 8804(f) cannot be applied retroactively or else it would violate the *ex post facto* clause. Section 8804 explicitly states that complaints or appeals therefrom that were dismissed prior to the enactment of this section "shall be counted" for purposes of determining whether a prison inmate may proceed *in forma pauperis*. Furthermore, even though it pertains to prison inmates, § 8804 is not a criminal statute to which the prohibition against a retroactive application might apply.[5] Instead, it is a civil statute that establishes a procedure whereby indigent prisoners may be allowed to file complaints in Delaware courts without paying the required filing fees. Those prisoners who have a history of meritless civil litigation must pay the required fees or else demonstrate that they are in imminent risk of serious injury.[6]

Mr. Noble also argues that he was actually physically assaulted by two of his three cellmates during the time that he has been detained. In his original

---

[5] *See U.S. ex rel. Cannon v. Rescare, Inc.*, 2014 WL 4638715, at *4 (E.D.Pa. Sept. 16, 2014). *Compare Keener v. Pennsylvania Board of Probation & Parole*, 128 F.3d 143, 144 (3d Cir. 1997) (holding that lawsuits dismissed as frivolous before the enactment of 28 U.S.C. § 1915(g) can be counted toward the statute's "three strikes" provisions).

complaint, Mr. Noble alleged that he had broken several bones in his hand while defending himself against his cellmate before prison staff moved Mr. Noble to another cell. In his amended complaint, Mr. Noble repeated this allegation and also claimed to have been assaulted more recently by a convicted prisoner who was considerably younger than Mr. Noble. However, it appears from these filings that Mr. Noble's main grievances concerned the steel shelf over his bed on which he frequently hits his head, his lack of sleep due to the activities of prison guards, the excessive air-conditioning inside the prison, and the insufficient quantities of food at meal times. Overall, there is no evidence that at the time Mr. Noble filed his complaint, he was under imminent danger of serious physical injury. Therefore, I recommend that Mr. Noble's *in forma pauperis* status be revoked, and that Mr. Noble be required to pay a filing fee of $610.00 before the Court addresses his complaint or his motions for preliminary relief.

The parties are referred to Court of Chancery Rule 144 for the process of taking exception to a Master's Final Report.

Respectfully,

/s/ Kim E. Ayvazian

Kim E. Ayvazian
Master in Chancery

KEA/kekz

---

[6] *See Walls v. Phelps*, 2014 WL 279472, at *2 (Del. Jan. 23, 2014).