IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronnie E. Johnson,                :
           Appellant    :
                        :
      v.                  :
                        :
George M. Little, Secretary    :
Pennsylvania Department of     :
Corrections; Sergeant Dobish;   :
Correctional Officer I Pritchet;  :   No. 881 C.D. 2022
C.O. III C. DiSalvo          :   Submitted: June 5, 2023


BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON       FILED: July 6, 2023


      Ronnie E. Johnson (Appellant) appeals *pro se* from the July 11, 2022 order of the Court of Common Pleas of Fayette County (trial court), which dismissed his complaint (Complaint) against George M. Little, Secretary Pennsylvania Department of Corrections; Sergeant Dobish; Correctional Officer I Pritchet; and Correctional Officer III DiSalvo (collectively, Appellees).[1]  Upon review, we affirm.

---

[1] As they had not been served with the Complaint prior to the trial court's dismissal of this action, Appellees filed no brief in this appeal.  *See* Letter from Pennsylvania Department of Corrections' Chief Counsel to Commonwealth Court dated January 18, 2023.

On July 6, 2022, Appellant filed the Complaint with the trial court purporting to raise claims of discrimination and failure to accommodate under the Americans With Disabilities Act (ADA)[2] based on allegations that prison personnel denied him outdoor exercise and access to asthma medication during a period of solitary confinement while imprisoned at State Correctional Institution-Fayette. *See generally* Complaint.  Specifically, Appellant claims that he is disabled under the ADA by virtue of suffering from asthma, and that Appellees had knowledge of this alleged disability. *See* Complaint at 3-4.  Appellant also alleges that Appellees have treated him differently from prisoners without asthma in that he has been denied outdoor recreation, denied timely access to medical care (asthma inhaler), subjected to increased discipline by not being allowed onto the prison exercise yard, and subjected to increased supervision when on the yard. *See id.* at 4.  The Complaint further alleges that Appellees refused to provide him with timely medical assistance while Appellant was having an asthma attack and refused to provide him with accommodations that would allow Appellant to have the same amount of medical care and exercise yard time as other prisoners who do not have asthma. *See id.* at 5.

Prior to service of the Complaint on Appellees, on July 11, 2022, the trial court issued an order (Trial Court Order) dismissing the Complaint "on the basis that it is frivolous and that [Appellees] are entitled to assert the valid affirmative defense of [s]overeign [i]mmunity, which, if asserted would preclude relief." Trial Court Order at 1.  Because Appellees were acting within the scope of their employment in reference to the claims of the Complaint, the trial court based its dismissal on an immunity defense allowing dismissal pursuant to Section 6602(e) of

---

[2] 42 U.S.C. §§ 12101-12213.

the act known as the Prison Litigation Reform Act (PLRA), Act of June 18, 1998, P.L. 640, No. 84, *as amended*, 42 Pa.C.S. § 6602(e)(2), which provides:

> Notwithstanding any filing fee which has been paid, the court shall dismiss prison conditions litigation at any time, including prior to service on the defendant, if the court determines . . . [t]he prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief.

42 Pa.C.S. § 6602(e)(2). Appellant appealed to this Court.[3]

Appellant raises two claims on appeal. First, Appellant claims that the trial court erred by dismissing the Complaint as frivolous because he stated a claim under the ADA. *See* Appellant's Br. at 4, 8-9. Second, Appellant claims the trial court erred by misinterpreting his ADA claim as a property issue. *See id.* at 4, 10-11.

Initially, we observe that, "prison conditions litigation" is defined as:

> A civil proceeding arising in whole or in part under Federal or State law with respect to the conditions of confinement or *the effects of actions by a government party on the life of an individual confined in prison.* The term includes an appeal. The term does not include criminal proceedings or habeas corpus proceedings challenging the fact or duration of confinement in prison.

---

[3] "Our scope of review of the trial court's order is plenary where the trial court dismisses a complaint *sua sponte* for failure to state a cause of action upon which relief may be granted." *Whitaker v. Wetzel*, 170 A.3d 568, 572 n.3 (Pa. Cmwlth. 2017). "As our inquiry involves solely questions of law, our standard of review is *de novo*." *Jae v. Good*, 946 A.2d 802, 806 n.4 (Pa. Cmwlth.), *appeal denied*, 959 A.2d 930 (Pa. 2008), *cert. denied*, 555 U.S. 1156 (2009); *see also Payne v. Dep't of Corr.*, 871 A.2d 795, 800 (Pa. 2005).

*Bailey v. Miller*, 943 A.2d 1007, 1009 (Pa. Cmwlth. 2008) (internal citation omitted) (emphasis added).

By making claims against prison officials regarding Appellant's access to outdoor exercise and specific complaints about not timely providing access to an asthma inhaler, Appellant's claims constitute prison conditions litigation. *See McCool v. Dep't of Corr.*, 984 A.2d 565, 569 (Pa. Cmwlth. 2009) (holding that "[b]ecause the complaint challenges the quality of medical care at the prison, it squarely fits the definition of prison conditions litigation" covered by the PLRA definition, which included "the effects of actions by a government party on the life of an individual confined in prison." (quoting 42 Pa.C.S. § 6601)). As such, the Complaint is subject to Section 6602(e)(2) of the PLRA, which allows dismissal of such litigation where the complaint "fails to state a claim upon which relief may be granted, or that the defendant is entitled to assert a valid affirmative defense, which, if asserted, would preclude the relief." *Bailey*, 943 A.2d at 1009 (internal citation omitted); *see also McCool*, 984 A.2d at 570; 42 Pa.C.S. § 6602(e). "Accordingly, the defense of sovereign immunity can provide a basis for dismissal of a prison conditions lawsuit." *McCool*, 984 A.2d at 570.

Here, in explaining its dismissal of the Complaint under Section 6602(e) of the PLRA, the trial court stated:

> [Appellant] did not allege that [Appellees] acted outside the scope of their employment; nor did he assert that the actions of [Appellees] fit into any of the exceptions to [s]overeign [i]mmunity. Therefore, since [Appellant] did not aver that [Appellees] were acting outside the scope of their duties, and since [Appellant] did not aver that [Appellees'] actions were within any exception to [s]overeign [i]mmunity, [the trial court] determined that

4

[Appellant's] Complaint lacked an arguable basis in law and fact.

Trial Court's Statement In Lieu of Opinion filed November 9, 2022 (citation omitted).

We agree with the trial court's assessment. Section 2310 of the Pennsylvania Consolidated Statutes, 1 Pa.C.S. § 2310, provides:

> Pursuant to section 11 of Article [I] of the Constitution of Pennsylvania, [Pa. Const. art. I, § 11,] it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity. When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42 . . . .

1 Pa.C.S. § 2310. Thus, under the doctrine of sovereign immunity, "[t]he Commonwealth is immune from suit in tort, and this immunity extends to employees of the Commonwealth who are not high public officials . . . when they act within the scope of their employment and not in an intentionally malicious, wanton or reckless manner." *McCool*, 984 A.2d at 570 (quoting *Walter v. Commonwealth,* 350 A.2d 440, 442 (Pa. Cmwlth. 1976)) (internal brackets and quotation marks omitted). An action for intentional misconduct is barred by sovereign immunity where a Commonwealth actor acted within the scope of his employment. *See La Frankie v. Miklich*, 618 A.2d 1145, 1149 (Pa. Cmwlth. 1992). "To be within the scope of

5

employment, the conduct must be of the same general nature as that authorized or incidental to the conduct authorized, occurring substantially within the authorized time, and done to serve the employer." *Robertson v. Zaken* (Pa. Cmwlth., No. 1111 C.D. 2019, filed December 22, 2021),[4] slip op. at 9. Without developing the argument, Appellant claims that the trial court's view of the inhaler as personal property for determining that the correction officers were acting in the scope of their employment when depriving Appellant of its use for any period of time was error. Specifically, the trial court stated: "[r]egulating and confiscating inmate property falls squarely within the scope of a corrections officer's duties." Trial Court Order at 1-2. However, such error is harmless because even if the inhaler is viewed in the medical context, and not simply as Appellant's personal property, Appellees are alleged to have acted within the scope of their employment relative to the inhaler. Here, determining when to provide an inmate access to medication through an inhaler or to contact a nurse or medical personnel falls squarely within the scope of the correctional officers' duties. Further, with regard to the denial of time spent outdoors, such act is also within the scope of the employment of all named Appellees. We note:

> changes in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and denials of privileges—matters which every prisoner can anticipate are contemplated by his original sentence to prison—are necessarily functions of prison management that must be left to the broad discretion of prison officials.

---

[4] Pursuant to Commonwealth Court Internal Operating Procedure Section 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court issued after January 15, 2008, may be cited for their persuasive value.

*Lopez v. Pa. Dep't of Corr.*, 119 A.3d 1081, 1085 (Pa. Cmwlth. 2015), *aff'd sub nom. Lopez v. Wetzel*, 144 A.3d 92 (Pa. 2016).

Sovereign immunity may be waived, however. As this Court has explained:

> [a] party may proceed against a Commonwealth agency if it can establish that damages would have been recoverable under common law (or a statute creating a cause of action) had the injury been caused by a defendant not protected by sovereign immunity. 42 Pa.C.S. § 8522(a). Additionally, the alleged negligent act must fall within one of the specifically enumerated exceptions provided by the legislature.

*McCool*, 984 A.2d at 570 (quoting *LaChance v. Michael Baker Corp.*, 869 A.2d 1054, 1057 (Pa. Cmwlth. 2005)). Regarding enumerated exceptions, the General Assembly has waived sovereign immunity for Commonwealth parties for claims involving: (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate, highways, and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody, or control of animals; (7) liquor store sales; (8) National Guard activities; (9) toxoids and vaccines; and (10) sexual abuse. *See* 42 Pa.C.S. § 8522(b).

Here, the Complaint makes no claim against prison medical officials for medical professional liability, and none of Appellees are identified as medical personnel. The Complaint's allegations that Appellees engaged in the intentional conduct of disallowing him an asthma inhaler and access to outdoor exercise do not fall under any of the exceptions to sovereign immunity enumerated by the General Assembly, *see* 42 Pa.C.S. § 8522(b), and the Complaint does not assert otherwise. Additionally, the Complaint does not aver that Appellees were at any time acting

7

outside of the scope of their official duties. Because the Complaint makes no allegations that Appellees acted outside of the scope of their duties or otherwise pleaded an exemption to sovereign immunity, Appellees continue to enjoy sovereign immunity, which precludes the relief sought by Appellant to the extent the matter concerns prison conditions.

In addition, to the extent Appellant seeks to assert claims under the ADA, this Court has explained:

> The ADA prohibits discrimination against qualified individuals with disabilities. Specifically, the ADA prohibits the exclusion of otherwise qualified participants from any program or benefits of a public entity on account of their disability. 42 U.S.C. § 12132. A disability is defined as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. . . ." 42 U.S.C. § 12102(1). A "public entity" is "any State or local government. . . ." 42 U.S.C. § 12131(1)(A).
>
> In order to prevail on a claim for a violation of the ADA, a plaintiff must show that: (1) he is a qualified individual with a disability; (2) he is either excluded from or otherwise denied the benefits of some public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and[] (3) he was excluded from the program based solely on his disability.

*Mattis v. Pa. Dep't of Corr.* (Pa. Cmwlth., No. 1929 C.D. 2013, filed May 20, 2014), slip op. at 10-11 (some internal citations omitted). The ADA defines the term "public entity" to mean:

> (A) any State or local government;

8

(B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and

(C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49).

42 U.S.C. § 12131. "Under the ADA, individuals have no liability because they are not 'public entities.'" *Mattis*, slip op. at 11 (citing *Watson v. Pa. Dep't of Corr.*, 990 A.2d 164 (Pa. Cmwlth. 2010)). The Department of Corrections is not a named defendant in this matter. Those individuals named in the Complaint are not public entities and cannot be held liable for discrimination or failure to provide an accommodation under the ADA.

For the above reasons, the trial court properly dismissed the Complaint and we affirm the Trial Court Order.

_____
CHRISTINE FIZZANO CANNON, Judge

9

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronnie E. Johnson, : 
                Appellant : 
                 : 
          v. : 
                 : 
George M. Little, Secretary : 
Pennsylvania Department of : 
Corrections; Sergeant Dobish; : 
Correctional Officer I Pritchet; :    No. 881 C.D. 2022
C.O. III C. DiSalvo : 

## O R D E R

AND NOW, this 6th day of July, 2023, the July 11, 2022 order of the Court of Common Pleas of Fayette County is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge