**Raymond J. SMOLSKY, Petitioner**

v.

**GOVERNOR'S OFFICE OF ADMINIS-
TRATION and Globel Tel*Link
Corporation, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 20, 2009.

Decided March 5, 2010.

Raymond J. Smolsky, petitioner, pro se.

M. Abbegael Giunta, Deputy Attorney General, Harrisburg, for respondent, Governor's Office of Administration.

Michael McAuliffe Miller, Harrisburg, for respondent, Globel Tel*Link, Inc.

BEFORE: McGINLEY, Judge, and BUTLER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Before this court are the preliminary objections filed by the Governor's Office of Administration (Office of Administration) and Globel Tel*Link Corporation (Globel) in response to the petition for review filed by Raymond J. Smolsky (Smolsky). We dismiss Smolsky's petition.

On April 13, 2009, Smolsky, an inmate currently incarcerated at the State Correctional Institution at Mahanoy, filed a petition for review in this court's original jurisdiction. In the petition, Smolsky maintains that Globel, the telecommunications provider for the Pennsylvania Department of Corrections (Department), has violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL), Act of December 17, 1968, P.L. 1224, 73 P.S. §§ 201–1–201–93, the Federal Telecommunications Act of 1996, 47 U.S.C. §§ 160–614, the Public Utility Code's Telephone Communications System

Act of Pennsylvania, 66 Pa.C.S. §§ 101–3316 and the United States and Pennsylvania Constitutions. The petition alleges that by increasing local calling charges, Globel is price-gouging, double taxing, hiding fees and selling pre-paid phone cards that are not competitively priced with calling cards available to the general public. Smolsky alleges that the Office of Administration has not provided any safeguards or oversight of Globel to protect him and other inmates from the alleged unfair practices of Globel. In essence, this is a prison conditions suit wherein Smolsky is challenging the rates charged to inmates for usage of the prison telephone system.

■ Both the Office of Administration and Globel have filed preliminary objections. In ruling on preliminary objections this court must accept as true all well-plead facts and all inferences reasonably deducible therefrom. *Stone and Edwards Insurance Agency, Inc. v. Department of Insurance,* 151 Pa.Cmwlth. 266, 616 A.2d 1060 (1992). In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them. *Envirotest Partners v. Department of Transportation,* 664 A.2d 208 (Pa.Cmwlth.1995).

Globel requests that this court dismiss Smolsky's petition for review because Smolsky is an abusive litigator who currently has at least three strikes. We agree. In accordance with Section 6602(f)(i) of the act known as the Prisoner Litigation Reform Act (PLRA), 42 Pa.C.S. § 6602(f)(1), this court shall dismiss prison conditions litigation if a prisoner has previously filed prison conditions litigation and three or more of the prior civil actions have been dismissed under Section 6602(e)(2) of the PLRA, 42 Pa.C.S. § 6602(e)(2). Section 6602(e)(2) specifically states that "the court shall dismiss prison conditions litigation ... if the court determines any of the following:

(2) The prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief."

The term "Prison conditions litigation" is defined in Section 6601 of the PLRA, 42 Pa.C.S. § 6601 as follows:

A civil proceeding arising in whole or in part under Federal or State law with respect to the conditions of confinement or the effects of actions by a government party on the life of an individual confined in prison. The term includes an appeal. The term does not include criminal proceedings or habeas corpus proceedings challenging the fact or duration of confinement in prison.

In support of its argument that Smolsky's petition should be dismissed, Globel points to the following: (1) a case originated in this court's original jurisdiction regarding an inmate prison account. After a lapse of six months, during which time Smolsky never attempted to perfect service, a rule to show cause was made absolute and the case was dismissed for failure to prosecute and the Supreme Court thereafter affirmed;[1] (2) a case originating with the Court of Common Pleas of Northumberland County, which dismissed Smolsky's complaint for failure to state a cause of action regarding breach of contract for legal services provided to another inmate which order was subsequently af-

---

**1.** *Smolsky v. Horn,* (Pa.Cmwlth., No. 567 M.D. 1998, filed December 15, 1998), *aff'd,*   559 Pa. 282, 739 A.2d 1052 (1999).

firmed by the Superior Court;[2] and (3) a case wherein the Supreme Court affirmed this court's dismissal of Smolsky's petition for review concluding that Smolsky's action for declaratory relief was, in fact, an appeal from an intra-prison disciplinary tribunal which was not a final adjudication by an administrative agency and not subject to review absent arbitrariness or capriciousness and, thus, this court lacked jurisdiction.[3]

The last two cases, *Smolsky v. Feretti* and *Smolsky v. Beard,* were dismissed for failure to state a cause of action and thus, constitute strikes under section 6602(f)(1) of the PLRA. In the first case, *Smolsky v. Horn,* this court dismissed Smolsky's petition for review for failure to prosecute. We agree with Globel that such also constitutes a strike under section 6602(f)(1) of the PLRA. In *Bailey v. Miller,* 943 A.2d 1007 (Pa.Cmwlth.2008), this court determined that a dismissal based on lack of jurisdiction counts as a strike. Here, similarly, dismissal of a case for failure to prosecute constitutes a strike.

We also note that in each of the three cases initiated by Smolsky wherein he challenged prison conditions, Smolsky subsequently sought review of the initial determinations. As stated in the definition of "Prison conditions litigation" such "term includes an appeal."

In accordance with the above, because Smolsky has filed at least three prior actions and appeals therefrom involving prison conditions which were either frivolous or failed to state a cause of action, we dismiss Smolsky's current petition for review, which similarly involves prison conditions, in accordance with 42 Pa.C.S. § 6602(e)(2) of the PLRA.[4]

### ORDER

Now, March 5, 2010, the preliminary objections filed by Globel Tel*Link Corporation are sustained and the petition for review filed by Raymond J. Smolsky, is dismissed. We further dismiss the preliminary objections filed by the Governor's Office of Administration as moot.

---

**2.** *Smolsky v. Feretti,* (C.P. Pa. Northumberland Co., No. 03–CV–1692, filed January 13, 2004), *aff'd,* 863 A.2d 1240 (Pa.Super.2004).

**3.** *Smolsky v. Beard,* (Pa.Cmwlth., No. 356 M.D. 2004, filed February 2, 2005), *aff'd,* 585 Pa. 545, 889 A.2d 500 (2005).

**4.** We also note that in his brief in opposition to Globel's preliminary objections, Smolsky does not contest his status as a frequent filer under the PLRA. Moreover, to the extent that Smolsky claims that his petition should not be dismissed because his petition is not an individual complaint, but rather a class action involving numerous inmates, we observe that the petition is not captioned as a class action and lists only Smolsky as the petitioner. In accordance with Pa. R.C.P. No. 1704(a), the requirements needed for a class action complaint include in its caption, the designation "Class Action." Moreover, among other things, in accordance with Pa. R.C.P. No. 1704(b), there shall be a separate heading "Class Action Allegations." Smolsky's petition fails to comply with Pa. R.C.P. No. 1704(b), as it does not contain a separate heading. We further note that a class action cannot be commenced by an amendment to an individual complaint. *Debbs v. Chrysler Corporation,* 810 A.2d 137 (Pa.Super.2002), *appeal denied,* 574 Pa. 744, 829 A.2d 311 (2003).