IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hugh Williams, :
                Petitioner :
                 :
      v. : No. 287 M.D. 2022
                 :
George M. Little, Secretary of :
Department of Corrections and :
Jaime Sorber, Superintendent, :
SCI Phoenix, :
            Respondents : Submitted: February 17, 2023

BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE ELLEN CEISLER, Judge
              HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                          FILED: April 14, 2023

Before this Court are the Preliminary Objections filed by George M. Little, Secretary of the Department of Corrections,[1] and Jaime Sorber, Superintendent at SCI-Phoenix (together, DOC), to the *pro se* Petition for Review filed by Hugh Williams in this Court's original jurisdiction. Because we conclude that this Court lacks jurisdiction, we sustain DOC's Preliminary Objection on that basis and dismiss the Petition for Review.

## Background

Mr. Williams, who is presently serving a sentence of life in prison, was transferred to SCI-Phoenix on July 23, 2018. Pet. for Rev. ¶ 1, 5. Mr. Williams avers that each housing unit at SCI-Phoenix has a courtyard, and each "quad" has

---

[1] Mr. Little is the former Secretary of the Department of Corrections.

four housing units and a main recreation yard that the units within the quad share. *Id.* ¶ 5.

On January 2, 2022, Mr. Williams filed a grievance (Grievance 964257) with the Grievance Coordinator at SCI-Phoenix. *Id.* ¶ 11. The subject of Mr. Williams' grievance was the lack of a designated inmate bathroom in the main recreation yard for Quad Two, where he resides. Mr. Williams avers that the main recreation yard contains "two . . . drinking water fountains," "no sinks or bathrooms for inmates," and "one . . . open air urinal." *Id.* ¶ 6. Mr. Williams filed the grievance "after witnessing several inmates using the water fountains as a sink to wash their hands after using the urinal." *Id.* ¶ 11.

The Grievance Coordinator denied Grievance 964257 on February 14, 2022. *Id.* ¶ 12. Mr. Williams filed an appeal of Grievance 964257 to the Facility Manager on February 17, 2022. *Id.* ¶ 13. On March 17, 2022, the Facility Manager upheld the Grievance Coordinator's denial, finding as follows:

> Upon my review of all documentation, I find that there are open air urinals and water fountains [in the main yard]. There are no sinks in the main yards. However, it appears that inmates are utilizing the water fountains as sinks. Urinals and water fountains are cleaned daily. *Staff will be remin[d]ed not to allow inmates to utilize the water fountains as sinks.*
>
> *I, therefore, uphold the decision of the [G]rievance [O]fficer and deny [Mr. Williams'] appeal* and all monetary relief.

Williams Ans. to DOC Prelim. Objs., Ex. 1 (emphasis added).[2]

---

[2] Mr. Williams avers that he received the Facility Manager's decision on March 27, 2022. Pet. for Rev. ¶ 14. According to Mr. Williams, "**portable hand sanitizer stations were subsequently placed in all recreation yards on March 30, 2022**." *Id.* (emphasis in original).

On May 26, 2022, Mr. Williams filed a Petition for Review in this Court's original jurisdiction regarding the lack of an inmate bathroom in the outdoor recreation yard at SCI-Phoenix. Mr. Williams seeks an injunction compelling DOC "to reassign/designate Staff Bathroom 9A1124 as the Inmate Bathroom" or, alternatively, an order "instructing corrections officers to permit inmates to enter Program Services Building 9A to use Inmate Bathroom 91116," which would allow the inmates "to observe and practice proper sanitation and hygiene consistent with [DOC] policy." Pet. for Rev. ¶¶ 21-22.

On July 14, 2022, DOC filed Preliminary Objections to the Petition for Review, to which Mr. Williams filed an Answer on August 3, 2022. Both parties have also filed supporting briefs with this Court.[3]

## Analysis

In its Preliminary Objections, DOC first asserts that this Court lacks jurisdiction over this internal grievance matter challenging prison conditions.[4] In response, Mr. Williams asserts that this Court has jurisdiction to review the denial of inmate grievances. He further contends that "there is no compelling or pen[o]logical reason why there is a unisex, handicap accessible bathroom for staff" in the outdoor recreation yard but "none for hundreds of inmates[] . . . and no

---

[3] In ruling on preliminary objections, this Court must accept as true all well-pled material facts and all inferences reasonably deducible therefrom. *Smolsky v. Governor's Off. of Admin.*, 990 A.2d 173, 174 (Pa. Cmwlth. 2010). To sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by overruling preliminary objections. *Id.*

[4] Section 6601 of the Prison Litigation Reform Act defines "prison conditions litigation," in relevant part, as "[a] civil proceeding arising in whole or in part under Federal or State law with respect to *the conditions of confinement or the effects of actions by a government party on the life of an individual confined in prison*." 42 Pa. C.S. § 6601 (emphasis added).

alternative access to the available bathroom in building 9A." Williams Ans. to Prelim. Objs. ¶ 14.

"[This] Court usually does not have *original* jurisdiction over an inmate's petition for review after a grievance proceeding." *Weaver v. Pa. Dep't of Corr.*, 829 A.2d 750, 751 (Pa. Cmwlth. 2003) (emphasis in original). "Unless 'an inmate can identify a personal or property interest . . . not limited by [DOC's] regulations and which has been affected by a *final decision* of [DOC,]' the decision is *not an adjudication subject to th[is C]ourt's review*." *Id.* (citing *Bronson v. Central Off. Rev. Comm.*, 721 A.2d 357, 359 (Pa. 1998)) (emphasis added).

Moreover, before filing an action challenging prison conditions in this Court's original jurisdiction, "an inmate must first exhaust all administrative remedies available at the state prison level." *Goodley v. Wetzel* (Pa. Cmwlth., No. 704 M.D. 2019, filed April 16, 2021), slip op. at 4.[5] "The purposes of the exhaustion requirement are to prevent premature judicial intervention in the administrative process and to ensure that such claims will be addressed by the agency with expertise in the area." *Id.*

DOC's inmate grievance process is set forth in its regulation at 37 Pa. Code § 93.9,[6] which incorporates DC-ADM 804. Our Court has explained the requisite procedure as follows:

---

[5] Pursuant to our Court's Internal Operating Procedures, we may cite unreported panel decisions of this Court, issued after January 15, 2008, for their persuasive value. 210 Pa. Code § 69.414(a).

[6] This regulation provides:

(a) [DOC] will maintain an inmate grievance system which will permit any inmate to seek review of problems which the inmate experiences during the course of confinement. The system will provide for review and resolution of inmate

**(Footnote continued on next page…)**

4

The "administrative remedies available at the state prison level" are set forth in [DOC's] policy DC-ADM 804. . . . DC-ADM 804 requires an inmate, who has received an initial determination on his grievance, to appeal to the facility manager and, thereafter, seek final review with [DOC]. *If the inmate fails to complete each of these steps, he has failed to exhaust his administrative remedies*.

*Paluch v. Palakovich*, 84 A.3d 1109, 1113 (Pa. Cmwlth. 2014); *see also Kittrell v. Watson*, 88 A.3d 1091, 1095 (Pa. Cmwlth. 2014) (same); *Humphrey v. Dep't of Corr.*, 939 A.2d 987, 993 (Pa. Cmwlth. 2007) (holding that where an inmate did not allege that he timely appealed to the facility manager or that he sought final review with DOC, he failed to exhaust administrative remedies).

In his brief, Mr. Williams baldly asserts that he exhausted his administrative remedies before filing this action. Williams Br. at 7. However, this claim is belied by the averments in his Petition for Review and the exhibits attached to his pleadings.

Mr. Williams avers that, while he was awaiting a decision in Grievance 964257, on January 26, 2022, he filed an "informal" request with the Facility Manager, in which Mr. Williams proposed that "the staff bathroom 9A1124 in the main yard be designated as the inmate bathroom." Pet. for Rev. ¶ 16 & Ex. 1. The Facility Manager responded that Mr. Williams' request could not be considered at

grievances at the most decentralized level possible. It will also provide for review of the initial decision making and for possible appeal to the Central Office of [DOC]. An inmate will not be disciplined for the good faith use of the grievance systems. However, an inmate who submits a grievance for review which is false, frivolous or malicious may be subject to appropriate disciplinary procedures. A frivolous grievance is one in which the allegations or the relief sought lack any arguable basis in fact as set forth in DC-ADM 804—Inmate Grievance System, which is disseminated to inmates.

(b) Inmates may also pursue available remedies in State and Federal court.

37 Pa. Code § 93.9.

5

that time, *id.* ¶ 17 & Ex. 1, presumably because there was a pending grievance relating to the matter. Mr. Williams then sent a letter to Mr. Little on February 3, 2022, reiterating his bathroom proposal and asking Mr. Little "to use [his] authority to correct" the situation. *Id.* ¶ 18 & Ex. 2. He sent another letter to Mr. Little on April 3, 2022, requesting a response to his prior letter and again reiterating his bathroom proposal. *Id.* ¶ 20 & Ex. 3.

Importantly, the Facility Manager formally responded to Mr. Williams' appeal of Grievance 964275 on March 17, 2022, on a form titled "Facility Manager's Appeal Response," in which he upheld the Grievance Officer's denial. Williams Ans. to DOC Prelim. Objs., Ex. 1. Mr. Williams avers that he received the Facility Manager's decision on March 27, 2022. Pet. for Rev. ¶ 14. However, there is no indication in the record, nor does Mr. Williams allege, that he ever requested or received final review of the Facility Manager's decision in Grievance 964257. While Mr. Williams attaches to his Petition for Review the April 3, 2022 letter to Mr. Little, as explained above, that letter related only to Mr. Williams' informal request to the Facility Manager about his bathroom proposal. The April 3, 2022 letter did not mention Grievance 964257 or the Facility Manager's March 17, 2022 decision, nor did it state that Mr. Williams wished to appeal that decision. *See* Pet. for Rev., Ex. 3. Thus, we cannot construe Mr. Williams' April 3, 2022 letter as an appeal to final review in Grievance 964257.

The record before this Court does not establish that Mr. Williams ever requested or received final DOC review of Grievance 964257. Therefore, because Mr. Williams failed to complete each step in the grievance review process, as required by our Court's precedent, we lack jurisdiction over this matter. *See Paluch* 84 A.3d at 1113; *see also Salter v. Lamas* (Pa. Cmwlth., No. 369 C.D. 2013, filed

6

Oct. 4, 2013), slip op. at 10 ("[W]hen an inmate *fails to appeal the denial of his grievance to final review with [DOC]*, he has failed to exhaust his administrative remedies under [37 Pa. Code § 93.9] and DC-ADM 804.") (emphasis added).

## Conclusion

Accordingly, we sustain DOC's Preliminary Objection based on lack of jurisdiction and dismiss Mr. Williams' Petition for Review.[7]

_____
ELLEN CEISLER, Judge

---

[7] In light of our ruling on this Preliminary Objection, we need not address DOC'S remaining Preliminary Objections.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hugh Williams, : 
               Petitioner : 
 : 
     v. :  No. 287 M.D. 2022
 : 
George M. Little, Secretary of : 
Department of Corrections and : 
Jaime Sorber, Superintendent, : 
SCI Phoenix, : 
               Respondents : 

**O R D E R**

AND NOW, this 14th day of April, 2023, we hereby SUSTAIN the Preliminary Objection filed by George M. Little, Secretary of the Department of Corrections, and Jaime Sorber, Superintendent at SCI-Phoenix, based on lack of jurisdiction and DISMISS Hugh Williams' Petition for Review.

_____
ELLEN CEISLER, Judge