# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Mercaldo, : 
               Petitioner : 
                : 
          v. :   No. 608 M.D. 2020
                : 
Commonwealth of Pennsylvania, : 
Department of Corrections, : 
               Respondent :   Submitted: August 9, 2024

BEFORE:   HONORABLE ANNE E. COVEY, Judge
            HONORABLE LORI A. DUMAS, Judge
            HONORABLE MATTHEW S. WOLF, Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                           FILED:  July 16, 2025

Before this Court are preliminary objections filed by the Department of Corrections (DOC) in response to Richard Mercaldo's (Petitioner) amended petition for review (Amended Petition).  Also before this Court is Petitioner's Motion for Summary Judgment, which we treat as a Motion for Summary Relief.  Upon careful review, we sustain in part and overrule in part the preliminary objections.  As to Petitioner's Motion for Summary relief, we dismiss as moot in part, and deny in part, as there remain disputes as to material facts.

## I. BACKGROUND

On August 7, 2023, Petitioner filed the Amended Petition in this Court's original jurisdiction.  42 Pa.C.S. § 761.  While captioned as against DOC,

the body of the Amended Petition names only two respondent parties: John/Jane Doe, medical department personnel from State Correctional Institution (SCI) Forest, and John/Jane Doe, medical department personnel from SCI Coal (collectively, Medical Personnel). Amended Petition at 1.

The Amended Petition sets forth two claims. First, Petitioner asserts DOC improperly charged him copays for certain medical care while in prison. Petitioner contends these charges were in violation of DOC's regulation governing its prison medical services program and its accompanying policy statement, commonly referred to as Policy 820, which collectively govern when DOC may charge a copay to an inmate for medical services. *See* Amended Petition at 2; *see also* 37 Pa. Code. § 93.12,[1] DC-ADM 820.[2] Namely, Petitioner contends that he should not have been charged copays for treatment for various conditions at both SCI-Forest and SCI-Coal, including "GIRD[sic], hemorrhoids, skin rashes, chronic nerve pain due to a hernia operation, degenerative joint disease, and more." *Id.* at 4-5.

Second, Petitioner alleges that "unknown unit staff" "negligently left [his property] in [his former cell] in violation of standard procedures" while he was put into a COVID-related quarantine, resulting in the loss of $728 worth of property. Amended Petition at 11. Petitioner alleges that after taking flu and COVID tests, he was required to quarantine and was not permitted to return to his cell to retrieve or pack his property. *Id.* He was told his property would be packed and transferred to him. *Id.* Petitioner was moved to a new cell in a new cell block after his quarantine

---

[1] Section 93.12 of the Department's regulations sets forth, *inter alia*, when DOC will and will not charge a fee to an inmate for certain medical care. *See* 37 Pa. Code § 93.12(c), (d).

[2] DOC's Policy 820 is available at https://www.pa.gov/content/dam/copapwp-pagov/en/cor/documents/about-us/doc-policies/820%20Co-Payment%20for%20Medical%20Services.pdf (last accessed July 15, 2025).

ended, and his property was not transferred to him during quarantine and was not present in his new cell. *Id.* When Petitioner returned to his former cell block to retrieve his property with a corrections sergeant, he found certain property missing. *Id.* at 12. Petitioner stated that he "had no knowledge of [which] correctional officer, sergeant, or other officer was on duty or responsible for his losses . . . ." *Id.* at 17.

DOC filed two preliminary objections to Petitioner's Amended Complaint, alleging this Court does not have jurisdiction to hear his first claim relating to unauthorized medical copays, and otherwise demurring to both claims. While the preliminary objections were pending, Petitioner filed his Motion for Summary Relief. We discuss each of DOC's preliminary objections in turn, followed by Petitioner's Motion for Summary Relief.

## II. DISCUSSION

### A. DOC's First Preliminary Objection

In its first preliminary objection, DOC contends that this Court does not have jurisdiction to hear Petitioner's claim challenging the assessment of medical copays for certain medical services he received while incarcerated. DOC argues that where Petitioner has not pleaded a violation of a constitutional right not otherwise limited by DOC, this Court lacks original jurisdiction to hear a challenge to the actions and internal proceedings of prison administration. DOC's Br. at 4 (citing *Bronson v. Cent. Off. Rev. Comm.*, 721 A.2d 357, 359 (Pa. 1998)). This Court has previously found that inmate challenges to the assessment of copays falls outside this Court's original jurisdiction. *Id.* (citing *Prisoner v. Pa. Dep't of Corr.*, (Pa. Cmwlth., No. 374 M.D. 2019, filed March 9, 2023), 2023 WL 2417308 (*Prisoner*)).

In response, Petitioner argues that this Court has original jurisdiction to consider his challenge where he alleges DOC failed to properly apply its own

policies. Pet. Br. at 7 (citing *Williams v. Wetzel*, 178 A.3d 920 (Pa. Cmwlth. 2019), *rev'd*, 232 A.3d 652 (Pa. 2020)).[3]

We agree with DOC that this Court lacks original jurisdiction to consider Petitioner's challenge to DOC's assessment of certain medical copays. It is well settled that we do not have "original jurisdiction in a case not involving constitutional rights not limited by [DOC]."[4] *Bronson*, 721 A.2d 357, at 359. Stated differently, "[u]nless an inmate can identify a personal or property interest ... not limited by [DOC] regulations and which has been affected by a final decision of the [DOC,] the decision is not an adjudication subject to the court's review." *Id.* (internal quotations omitted). Here, Petitioner does not identify a personal or property interest not limited by DOC, but rather challenges DOC's application of its own regulations. Accordingly, rather than through our original jurisdiction, Petitioner's means of redress is DOC's grievance process. *See Shore v. Pa. Dep't of Corr.*, 168 A.3d 374, 383-84 (Pa. Cmwlth. 2017); *accord Prisoner*, slip op. at 5.[5] Accordingly, DOC's first preliminary objection is sustained.

## B. DOC's Second Preliminary Objection

In its second preliminary objection, DOC contends that Petitioner's Amended Petition fails to state any actionable claims. Given our disposition of

---

[3] Petitioner's argument fails to acknowledge that this Court was reversed on appeal in *Williams*, with our Supreme Court holding that this Court did not have original jurisdiction in that case "where the inmate fail[ed] to assert a constitutionally-protected liberty or property interest[.]" *Williams*, 232 A.3d 652, 652, (Pa. 2020), citing *Bronson v. Cent. Office Review Comm.*, 721 A.2d 357, 359 (Pa. 1998).

[4] The language of this quote refers to the fact that certain of prisoners' constitutional rights are naturally limited during incarceration due to the nature of incarceration. It is only DOC action that impedes constitutional rights not accordingly limited which may give rise to a challenge within this Court's jurisdiction.

[5] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported panel decision issued by this Court after January 15, 2008, may be cited "for its persuasive value, but not as binding precedent."

4

DOC's first preliminary objection, we address demurrer only as to Petitioner's second claim sounding in negligence.

DOC contends that none of the named respondents are alleged to have had anything to do with the handling of Petitioner's alleged lost property (rather simply "unknown unit staff" are alleged to have mishandled it). DOC's Br. at 9-11. DOC rejoins that Petitioner has failed to establish that DOC is liable for his loss, arguing that there is no vicarious liability for actions of supervised employees. *Id.* Rather, DOC argues, Petitioner was required to show actionable wrongdoing of all named respondents and failed to do so. *Id.* at 7.

Petitioner responds that after his involuntary quarantine, his property came under the care of "unknown officer(s), John Doe(s)", and that their negligent failure to store his property appropriately caused the loss of such property. Pet. Br. at 14. He also contends that where he does not know what individuals improperly stored his property, the use of John/Jane Does was appropriate. *Id.* He further cites 42 Pa.C.S. § 8522 and opinions of this Court to argue that sovereign immunity does not bar actions against Commonwealth Parties for the negligent handling of an inmate's property.[6]

Our standard in considering the pleadings in the face of preliminary objections is clear. This Court has held that "[i]n ruling on preliminary objections this court must accept as true all well-plead[ed] facts and all inferences reasonably deducible therefrom. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by

---

[6] *See* Pet. Br. at 11-14 (citing *Williams v. Stickman*, 917 A.2d 915 (Pa. Cmwlth. 2001), *Pelzer v. Property Officer PRY C01* (Pa. Cmwlth., No. 50 C.D. 2012, filed May 15, 2013), and *Samuels v. Walsh* (Pa. Cmwlth., No. 318 C.D. 2014, filed November 17, 2014)).

5

a refusal to sustain them." *Smolsky v. Governor's Off. of Admin.*, 990 A.2d 173, 174 (Pa. Cmwlth. 2010) (internal citations omitted).

The threshold questions in determining whether a Commonwealth party may be liable for negligent employee actions are "whether the Commonwealth employee was acting within the scope of his or her employment; whether the alleged act which causes injury was negligent and damages would be recoverable but for the availability of the immunity defense; and whether the act fits within one of the nine exceptions to sovereign immunity." *La Frankie v. Miklich,* 618 A.2d 1145, 1149 (Pa. Cmwlth. 1992). 42 Pa.C.S. §§ 8522(b)(3) allows litigants to raise "claims for damages caused by … [t]he care, custody or control of personal property in the possession or control of Commonwealth parties[.]" This Court has held that this exception permits actions where prison employees have negligently handled an inmate's personal property. *See Williams v. Stickman*, 917 A.2d 915 (Pa. Cmwlth. 2001).

In order to sustain a negligence action, a litigant must show "(1) the defendant's duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." *Page v. City of Phila.*, 25 A.3d 471, 475 (Pa. Cmwlth. 2011).

While DOC contends that Petitioner must allege direct actions by each Respondent, this argument misses the point. As noted above, the threshold inquiry is whether Petitioner has alleged that a prison employee, acting within the scope of their employment, committed an act that falls within one of the nine enumerated exceptions to sovereign immunity.

In *Williams*, this Court found that sovereign immunity did not apply where prison employees negligently handled an inmate's personal property (a

6

television) and caused damage to it. *Williams*, 917 A.2d 915 (Pa. Cmwlth. 2001). Therefore, a case in negligence was allowed to proceed against the Commonwealth parties for the damage to the inmate's television. *Id.* at 918.

Similarly, in *Anderson v. Pennsylvania Department of Corrections*, a negligence suit was allowed to proceed against Commonwealth parties for the loss of an inmate's personal property. (Pa. Cmwlth., No. 50 C.D. 2022, filed August 3, 2023), slip op., 2023 WL 4938753. In *Anderson*, an inmate's orthopedic boots went missing while he was in restrictive housing and the boots were thus in the actual or constructive care or possession of the Commonwealth parties. Slip op. at 2. This Court equated the loss of the inmate's boots to the total destruction of same, and found that the inmate had therefore pleaded an actionable negligence case against the Commonwealth defendants. *Id.,* slip op at 8.

Here, Petitioner alleges that various items of his property went missing when he was in restrictive housing when he was quarantined for "at least 3 to 4 days, maybe longer[.]" Amended Petition at 17. He also alleges that prison employees acting within the scope of their employment[7] had a duty to secure, inventory, and store his property, and that their breach of such duty resulted in the loss of same. *Id.* As we found in *Anderson*, the loss of Petitioner's property is essentially equivalent to the total destruction of such property. Simply put, Petitioner has pleaded each necessary element to establish a negligence claim, and has further pleaded that such negligent act was performed by a prison employee acting within the scope of their

---

[7] While it is unclear exactly which employee had a duty to store his property within the scope of their employment, it is clear from the allegations that a correctional officer or property officer had a duty to do so upon his transfer to restrictive housing and failed to do so.

employment. Therefore, Petitioner has adequately pleaded a negligence case against DOC.[8] Accordingly, we overrule DOC's second preliminary objection.

## C. Petitioner's Motion for Summary Relief

Given our disposition of the preliminary objections, we discuss Petitioner's Motion for Summary Relief only as it relates to his negligence claim against DOC.

In his Motion for Summary Relief, Petitioner contends that DOC has not denied his losses, and that DOC is liable for such losses.

DOC filed an answer to Petitioner's Motion for Summary Relief. In its answer, DOC contends that it has denied Petitioner's losses, as well as its own liability by way of its preliminary objections.

Pa.R.A.P. 1532(b) governs requests for summary relief in cases filed pursuant to this Court's original jurisdiction. This Court has held:

> Pa.R.A.P. 1532(b) provides that "[a]t any time after the filing of a petition for review in an appellate or original jurisdiction matter the court may on application enter

---

[8] In paragraph 32 of its preliminary objections DOC notes that it is listed as a party in the caption of the Amended Petition, but not the body under the "Parties" heading. To the extent that Petitioner's failure to name DOC as a party in the body of the Amended Petition presents a defect, it is an amendable defect, and we will not sustain a preliminary objection on this basis at this time.

In *Hall v. Acme Markets, Inc.*, 532 A.2d 894 (Pa. Cmwlth. 1987), this Court stated that a plaintiff should have been permitted to amend a complaint to substitute the Department of Transportation as a party where the Commonwealth was named previously, as the Department of Transportation had "clearly been involved with all aspects of this litigation since the suit was initially filed." *Hall*, 532 A.2d 894, at 897. Similarly, in *Piehl v. City of Philadelphia*, 930 A.2d 607 (Pa. Cmwlth. 2007), this Court found that a plaintiff should have been permitted to amend a complaint to name the Department of Transportation in the caption of the complaint, where the Department of Transportation had already been named in the body of the complaint. *Piehl*, 930 A.2d 607, at 616-17.

Here, DOC is named in the caption, has participated in the litigation, and the nature of the allegations giving rise to its vicarious liability are clear. Therefore, we do not find that the Amended Petition is defective, but if it were, such defect is amendable.

judgment if the right of the applicant thereto is clear." Pa.R.A.P. 1532(b). "An application for summary relief is properly evaluated according to the standards for summary judgment." *Myers v. Commonwealth*, 128 A.3d 846, 849 (Pa. Cmwlth. 2015). That is, *in ruling on a motion for summary relief, the evidence must be viewed in the light most favorable to the non-moving party and the court may enter judgment only if: (1) there are no genuine issues of material fact; and (2) the right to relief is clear as a matter of law.*

*Flagg v. Int'l Union, Sec., Police, Fire Prof'ls of Am.*, Local 506, 146 A.3d 300, 305 (Pa. Cmwlth. 2016) (emphasis added).

Further, this Court has held that "[a]n application for summary relief is properly evaluated according to the standards for summary judgment." *McGarry v. Pa. Bd. of Prob. & Parole*, 819 A.2d 1211, 1214 n. 7 (Pa. Cmwlth. 2003) (citing *Gartner v. Pa. Bd. of Prob. & Parole*, 469 A.2d 697 (Pa. Cmwlth. 1983)). With respect to summary judgment, courts have also held that "parties must be given reasonable time to complete discovery before a trial court entertains any motion for summary judgment[.]" *Reeves v. Middletown Athletic Ass'n*, 866 A.2d 1115, 1124 (Pa. Super. 2004).

Applying these standards to the instant case, we find that there are still issues of material fact that are unresolved in the instant case. Therefore it is not clear at this stage that Petitioner is entitled to relief. While Petitioner has presented a prima facie negligence claim, there are still various unanswered factual questions, especially pertaining to which DOC employee or employees did "what and when" with respect to Petitioner's lost property. Allowing DOC to file a responsive factual pleading as well as allowing the case to possibly proceed to discovery will help lead

9

to resolution of those questions in a manner that is not possible in the current posture of the case.[9]

Accordingly, we deny Petitioner's Motion for Summary Relief relating to his negligence claim.

### III. CONCLUSION

For the foregoing reasons, we sustain DOC's first preliminary objection and overrule DOC's second preliminary objection. Petitioner's first claim, regarding the assessment of medical co-pays, is dismissed. As Medical Personnel John/Jane Does are named as parties only to that claim, they are dismissed from this action. Petitioner's Motion for Summary Relief is dismissed in part as moot as it relates to medical payments and denied in part as to his negligence claim.

_____
MATTHEW S. WOLF, Judge

---

[9] DOC's answer to Petitioner's Motion for Summary Relief, as it relates to negligence, largely relies on the same arguments as its second preliminary objection, which we have rejected herein. However, we still find that there are issues of fact outstanding, insofar as Petitioner's allegations have not been supported by stipulation or any factfinding.

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Mercaldo,                          :
                Petitioner    :
                              :
        v.                         :    No. 608 M.D. 2020
                              :
Commonwealth of Pennsylvania,              :
Department of Corrections,                 :
                Respondent    :

# **O R D E R**

AND NOW, this 16th day of July 2025, the preliminary objections filed by the Department of Corrections are sustained in part and overruled in part, in accordance with the foregoing opinion. Medical Personnel John/Jane Does are dismissed as parties to this action. Petitioner's Motion for Summary Relief is dismissed as moot in part and denied in part as to his negligence claim. The Department of Corrections is hereby ordered to file an answer to Petitioner's negligence claim within 20 days of this order.

_____
MATTHEW S. WOLF, Judge